# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1751 | **DATE** | 3/22/2001 |
| **CASE TITLE** | Randy Cook vs. Lt. Godwin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Cook is assessed an initial partial filing fee of $27.11 and the Stateville trust fund officer is ordered to collect that partial filing fee and pay it directly to the Clerk of Court. Cook is granted until April 12, 2001 to file appropriate documentation in this Court's chambers that confirms the purported exhaustion of administrative remedies as required by 42 U.S. 1997(e). In the absence of such a filing, the flawed action will be dismissed as premature. That dismissal will constitute a "strike" under Section 1915(g) and will not excuse the payment of the $150.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 3 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/22/2001 | |
| SN | courtroom deputy's initials | | date mailed notice SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDY COOK,<br><br>        Plaintiff,<br><br>v.<br><br>SUPT. HOSY,<br><br>        Defendant. | No. 01 C 1705<br><br>DOCKETED<br>MAR 23 2001 |
| RANDY COOK,<br><br>        Plaintiff,<br><br>v.<br><br>LT. GODWIN,<br><br>        Defendant. | No. 01 C 1751 |

MEMORANDUM ORDER

Randy Cook ("Cook"), who although a repeat filer[1] has not accumulated three "strikes" so as to subject him to the constraints imposed by 28 U.S.C. §1915(g),[2] has filed two pro se 42 U.S.C. §1983 actions in quick succession:

    1. Case No. 01 C 1705 charges that on January 8, 2001 Stateville Correctional Center ("Stateville") Superintendent Hosy unjustifiably sprayed Cook with mace and injured Cook's

---

[1] According to the records compiled by this District Court's Staff Attorney's Office, Cook's original lawsuit (Case No. 92 C 7185) was filed under the name Leroy Nash, while Case Nos. 96 C 4707 and 97 C 3241 (like these two actions) have been brought under the Cook name.

[2] Citations to other portions of that section will take the form "Section 1915--," omitting the reference to Title 28.

finger, then failed to provide Cook with access to prompt medical attention.

    2.   Case No. 01 C 1751 charges that on the very next day (January 9) Stateville Lieutenant E. Godwin applied excessive force in the course of handcuffing Cook.

Although Cook's first Complaint was unaccompanied by the information required by Section 1915(a)(2), he has submitted a filled-out Application To Proceed Without Prepayment of Fees ("Application") and a printout of transactions in his trust fund account at Stateville together with the Complaint in Case No. 01 C 1751.

Stateville employee C. Streit has filled out a certificate (part of the Application form) to the effect that Cook's average balance in his account during the period covered by the printout came to $30.84. But this Court's alternative calculation of "the average monthly deposits to the prisoner's account" (as prescribed by Section 1915(b)(1)(A)) shows a monthly average of $136.12, and the statute calls for the greater of those two average figures to be used as the basis for a case's initial partial filing fee. That being the case, the required initial partial fee that Cook must pay for <u>each</u> of these lawsuits is 20% of $136.12 (Section 1915(b)(1)) or $27.22.

Accordingly, Cook is assessed an initial partial filing fee of $27.22 for each of these actions, and the Stateville trust

fund officer is ordered to collect those partial filing fees from Cook's trust fund account there and to pay them directly to the Clerk of Court ("Clerk").

After such payments, the trust fund officer at Stateville or any other correctional facility where Cook is confined is authorized to collect monthly payments for each lawsuit from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid for each lawsuit. Both the initial payments and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and each shall clearly identify Cook's name and the number of the case to which it applies: 01 C 1705 or 01 C 1751. To implement these requirements, the Clerk shall send two copies of this order (thus covering both cases) to the Stateville trust fund officer.

As for Cook's claims themselves, in each instance he says (Complaint ¶III in each case) that he has exhausted the available administrative remedies before bringing suit. But his submissions do not confirm that at all:

    1. In Case No. 01 C 1705, the Complaint is accompanied only by Cook's handwritten filling out of the Committed

Person's Grievance Report form (a photocopy of which is attached as Ex. 1 to this memorandum order). All of the places on that form that are used to reflect the institutional response and any further administrative action are left blank--nothing whatever discloses the processing of Cook's grievance through the available administrative process.

2. Case No. 01 C 1751 does a bit better--in addition to the same form (a photocopy of which is attached as Ex. 2A), the Disciplinary Report form reflecting some institutional processing has also been submitted (a photocopy is attached as Ex. 2B). But the last line of that form, after the Chief Administrative Officer's action has been recorded, reads:

> The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

And nothing that Cook has proffered shows that he has indeed exhausted his administrative remedies by pursuing such an appeal.

In summary, Cook is granted until April 12, 2001 to file appropriate documentation in this Court's chambers that confirms the purported exhaustion of administrative remedies as required

4

by 42 U.S.C. §1997e(a).³ In the absence of such a filing in either or both these cases, the flawed action or action will be dismissed as premature. Each such dismissal will constitute a "strike" under Section 1915(g) and will not excuse Cook's obligation to pay the balance of the $150 filing fee for that action in the installments provided for earlier.

Milton I. Shadur
Senior United States District Judge

Date: March 22, 2001

---

³ Because this Court has granted Cook more than ample time for such filing even taking normal delays into account, he will not be granted the additional benefit of the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988) and subsequent cases unless he makes an affirmative showing of extraordinary delays occasioned by the Stateville authorities. Absent such a showing, the date of delivery to this Court's chambers will control.

5

Date: 1-25-01
Committed Person: Randy M. Cook
ID #: N24053
Present Facility: Stateville Correctional Center
Facility where grievance issue occurred: Stateville Correctional Center

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date:
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution

Where Issued:

- [ ] Disability
- [ ] Other:

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.
PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.

Brief Summary of Grievance: On 1-8-01 1:00 pm inmate Cook N24053 was locked in cell Supt Hasy where removing tape off chuck hole, inmate Cook N24053 stated he would remove it, Supt Hasy assumed that inmate was reaching out to grab him, and sprayed inmate Cook with mace and slammed his pinkie on right hand in chuck hole door while he was attempting to call for nurse, he stated there isn't one in building, inmate Cook N24053 did contact a med tec whom documented incident, but it was never attended to.

Relief Requested: Relieved of duties and educated on policies of use of mace and not to transfer inmate as a form of retaliation for filing of this grievance.

(Attach additional pages, if necessary.)

COUNSELOR'S RESPONSE

Date Received:
Response:

Counselor:
Signature    Print Name    Date of Response

[ ] Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

EX1

Illinois Department of Corrections
# COMMITTED PERSON'S GRIEVANCE REPORT

| Date: 1-23-001 | Committed Person (Please Print): Randy M. Cook | ID #: N24053 |

Present Facility: Stateville Correctional Center
Facility where grievance issue occurred: Stateville CC

## NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date:
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution

- [ ] Disability
- [ ] Other: ___

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.
PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

### THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.

Brief Summary of Grievance: On 1-9-01 Lt E. Godwin observed inmate Cook N24053 on 2-C-wing. He stated what are you doing over here I said officer gave me permission He grabbed turned me around said cuff-up after being cuffed-up he placed his knee in my spine and said didnt Supt Hosey tell you to stay away from 2-C-12 I said Thats been my friend for over six years, why you putting your knee in my spine He said you also getting walked everyone is dropping kites on you I said is it the police he said No I said you are not going to be able to cover your actions by walking me, Lt E. Godwin didnt place in ticket that he used restraints which is hand-cuffs because he no he wasnt suppose to place his knee in my spine after being cuffed-up Than he lied about making rounds because the way wings are designed you have to go on B-B-Than C-wing. inmate cook N24053 was walked to segregation unit F on 8 he was deadlocked in cell on 9 he was walked to segregation inmate cook N24053 was illegally held in segregation for 10 days upon going to Committee inmate was placed under investigation status on 17 of Jan Adjustment committee had denied adding the 10 extra days on to the investigation status, inmate cook rights where deliberately denied him by subjecting him to cural and usual punishment inmate cook is entitle to his job in kitchen and full pay for that month of not working the departmental rules state that inmate once under investigation no and nothing comes from it he is entitle to same status, he was, when he was placed under investigation

Relief Requested: Layed off without pay and educated on policies on what you can do to inmates and what you cant after he is cuffed-up and not be harassed or retaliated against by being transferred for filing of this Grievance, job back in kitchen and full pay.

(Attach additional pages, if necessary.)

| COUNSELOR'S RESPONSE |

Date Received:

RECEIVED

Response: _____

FEB 0 1 2001

OFFICE ~~

INMATE ISSUES

Counselor: _____
      Signature               Print Name               Date of Response

☐ Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Side 1

State of Illinois -- Department of Corrections
**DISCIPLINARY REPORT**

F121
H2G10

Page 1 of 1

☒ Disciplinary Report  1-9-01
☐ Confinement Pending Issuance of Disciplinary Report _____
☐ Investigative Report _____

Committed Person: COOK, RANDY M.  No. N-24053  Facility: Stateville C.C.
Observation Date: 1-9-01  Time: Approx 10:45 am  Location: H-House (2 west)

Lt. E. Godwin   H-Pod 11:15  3-11
PRINT Employee's Name                Employee's Signature/Time/Shift

Offense: 504 B  307 Unauthorized Movement. 401 Abuse of Privileges.

Observation: On the above date and approx time this Lt. was making rounds in Unit-H. Inmate Cook #N-24053 who lives in cell 2C10 on the East side of the Building, was let out for his Kitchen detail and was found loitering unauthorized in front of cell 2C12 (on the East side of the Building) Inmate Cook was secured in his cell. Kitchen workers know that when there let out for work, they are to report directly downstairs, not wander around to other wings. Ticket stands as written.

Witnesses, if any: N/A

NOTE: Use additional pages if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement  ☐ Investigative Status  Reasons: _____

☒ MAJOR, submitted to Adjustment Committee  ☐ MINOR, submitted to Program Unit

SANDRA HAWKINS                   Sandra Hawkins  1-10-01
PRINT Name                        Reviewing Officer's Signature and Date

☒ Reviewed by Hearing Investigator: P. Brooks    P. Brooks  1-10-01
(Adult Division Major Reports Only) PRINT Name   Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or segregation, and/or deprived of your current grade and statutory good time or good conduct credit, and/or transferred and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Cook  N24053
Committed Person's Signature and Number        Committed Person Refused to Sign ☐

C/O Tim Faudt     C/O2 [signature]          1-10-01  1:45 PM
PRINT Serving Employee's Name  Serving Employee's Signature   Date and Time Served

(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE)

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date:                      Ex 28

Committed Person's Signature and Number

(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses:

NAME OF WITNESS: PAGE C/O _____ Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: Lt. LEOPARD _____ Number/Cell/Title: _____

Witness can testify to: _____

Offense Date: _____

DC 7205 (Rev. 06/98)   Distribution: 1) Master File; 2) Committed Person; 3) Facility; 4) Facility
IL 426-0361

Committed Person's Signature and Number